IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DeWAYNE CROMPTON,

                                        OPINION AND ORDER

            Plaintiff,

                                        12-cv-757-bbc

      v.

U.S.P.O. KENT D. HANSON,
A.U.S.A. JOHN B. VAN HOLLEN,
U.S.P.O. LESLYN SPINELLI, and
THE BUREAU OF PRISONS,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff DeWayne Crompton filed this civil action in the Northern District of California on June 12, 2012. Alleging violations of 42 U.S.C. § 1983 and the Privacy Act, 5 U.S.C. § 552a, he sued defendants Kent Hanson, Chief Probation Officer for this district, John B. Van Hollen, a former Assistant United States Attorney and a former United States Attorney for this district, Leslyn Spinelli, a former probation officer in this district, and the Bureau of Prisons. Plaintiff sought both injunctive relief, requiring defendants to amend and verify the presentence report prepared by defendant Spinelli in 1993, and damages for defendants' willful and intentional maintenance of incorrect information in the report. In a separate "Motion for Judicial Order," filed on July 24, 2012, he asked the court to correct his presentence report, acknowledging that only the court has jurisdiction to make changes to a presentence report after sentencing. Dkt. #13.

1

The Northern District of California court transferred plaintiff's case to this court on October 4, 2012. Plaintiff paid the $350 filing fee while the case was pending in California, but because he is a prisoner, his complaint is subject to screening. He cannot proceed on his complaint if it is frivolous, malicious or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

A. Motion for Recusal

Before turning to the screening of plaintiff's complaint, it is necessary to consider the "notice of motion" that plaintiff filed on November 19, 2012, in which he said that a "Motion of Recusal" had been filed against me "for Bias." No such motion appears on the docket sheet and none was attached to his "Notice," so I will assume that he meant the notice to include the motion for recusal. Dkt. #25.

28 U.S.C. §§ 144 and 455 apply to motions for recusal and disqualification of judges. Section 144 requires a federal judge to recuse herself for "personal bias or prejudice." Section 455(a) requires a federal judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," and section 455(b)(1) provides that a judge shall disqualify herself if she "has a personal bias or prejudice concerning a party." Because the phrase "personal bias or prejudice" found in § 144 mirrors the language of § 455(b), they may be considered together. Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000). Recusal is required when a "'reasonable person perceives a significant risk

3that the judge will resolve the case on a basis other than the merits'" Id. (quoting In Re Mason, 916 F.2d, 384, 385 (7th Cir. 1990)).

Plaintiff does not explain why he thinks I would be biased against him. If the ground is any order I have entered against him in the past, that is an insufficient basis on which to assert bias. Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a bias or partiality motion); United States v. Slaughter, 900 F.2d 1119, 1126 n.5 (7th Cir. 1990) (bias and prejudice must be personal, not based on particular judicial proceeding.) In the absence of any explanation for the recusal motion, I will deny it.

## B. Second Proposed Complaint

While this case was still before the court in the Northern District of California, plaintiff filed a second proposed complaint, essentially making the same allegations he made in his original complaint, but attaching different documents. Ordinarily, a second proposed complaint would supersede the original complaint, but in this case, the second proposed complaint appears to be nothing more than a copy of a portion of the first complaint but with redactions of certain portions. Nothing about it suggests that plaintiff intended it to be a substitute for his first proposed complaint so I will not consider it as the operative complaint.

C. Original Proposed Complaint

1. Section 552a claims

Plaintiff alleges that defendants have refused to correct his presentence report and that this is a violation of their duty so under 5 U.S.C. § 552a, which requires governmental agencies to make sure that any records used in "making any determination about any individual" are "maintain[ed] . . . with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." § 552a(e)(5). Under § 552a(d) agencies are required to entertain requests for the amendment of records if the records are not "accurate, relevant, timely, or incomplete." Plaintiff did not identify in his complaint any specific omissions from his presentence report or any errors in it, but from looking at other documents attached to his complaint, it appears that he is contending that the presentence report should be corrected to show that the indictments returned against him (an original indictment and a superseding one) were not handled properly because there was never a full quorum of jurors; the indictments were not returned in open court by the entire grand jury; and no certificate was filed indicating how the grand jurors voted. Cpt., dkt. #1, 16-17, 33-35.

If this is what plaintiff is contending, it is a claim that cannot succeed. Among the many problems with it is the fact that the three individual defendants are all immune from suit and the fourth has no authority to take any of the requested actions. Defendants Hanson and Spinelli are being sued in their capacity as probation officers for their actions in preparing presentence reports for the court or supervising the preparation of such reports.

4

As I informed defendant in denying his motion in his criminal case for transcripts of his grand jury proceedings that resulting in the filing of the indictments against him, when probation officers prepare presentence reports for the court, they are acting as arms of the court and cannot be sued.  July 23, 2012 Order, dkt. #262 (in case no. 92-cr-126-bbc), at 2-3.  The issue is well settled.  Tripati v. U.S.I.N.S. 784 F.2d 345, 348 (10th Cir. 1986) ((granting absolute 42 U.S.C. § 1983 immunity to probation officers); Hughes v. Chesser, 731 F.2d 1489, 1490 (11th Cir. 1984) (same); Spaulding v. Nielsen, 599 F.2d 728, 729 (5th Cir. 1979) (same); Burkes v. Callion, 433 F.2d 318, 319 (9th Cir. 1970) (granting probation officers "similar, if not the same," 42 U.S.C. § 1983 immunity given judges).

Defendant Van Hollen's immunity flows from his position as a prosecutor and applies to any actions taken in the course of prosecuting a case.  Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993); Imbler v. Pachtman, 424 U.S. 420 & 431 (1976).  (It is not clear whether Van Hollen had any involvement in defendant's case; he is not the Assistant United States Attorney listed on the docket sheet and he was not the United States Attorney in 1992.  If he had no involvement, he cannot be held liable for any acts or omissions; if he was involved, he is immune under the law.)

As for the Bureau of Prisons, plaintiff has not alleged that it took any improper actions, that it failed to take any actions it should have taken so that it might be liable for damages.  It cannot be ordered to amend plaintiff's presentence report because it has no authority to take such an action.

A second problem with plaintiff's § 552a claim is that his presentence report says

5

nothing about the grand jury and the procedures it followed or failed to follow—and for good reason. It is not the responsibility of the probation office to question the legality of the pretrial and trial procedures; that is the job of defense counsel. Its job is to prepare a report directed to the factual matters the court must consider in sentencing.

With nothing in the report about the grand jury or the manner in which it was drawn, how it presented indictments to the court or how its votes were recorded, plaintiff has no ground on which to ask for "correction" of his presentence report. Moreover, he lacks any basis on which to seek an "amendment" of the report to add his allegations of impropriety in the grand jury procedures, because none of the defendants has the authority to make an "amendment" of this kind. As plaintiff conceded in his "Motion for Judicial Order," dkt. # 13, only a court could determine that the indictments returned against plaintiff were defective and no court has been asked to make such a determination.

There are still other reasons why plaintiff cannot proceed under § 552a. One is that the Act applies to executive departments of the federal government, independent regulatory agencies, government corporations, government controlled corporations or other establishments in the executive branch of the government. 5 U.S.C. § 552(f). It does not apply to the judicial branch or to individuals. Therefore, even if defendants Hanson, Spinelli and Van Hollen were not immune from suit for other reasons, they cannot be sued under this statute. Defendant Bureau of Prisons is exempt from the Act insofar as plaintiff is seeking amendment of his presentence report or contending that this defendant is responsible for maintaining an allegedly inaccurate presentence report. 28 C.F.R. § 16.97

6

(noting that Bureau of Prisons has exempted specific systems of records, including inmate records, from Privacy Act provisions).  See also Skinner v. United States Dept. of Justice, 584 F.3d 1093 (D.C. Cir. 2009) (inmate records exempt from amendment provisions of § 552a).  Plaintiff has failed to state a claim against defendants on which relief could be granted under § 552a.

2. Section 1983 claims

Nothing in plaintiff's complaint suggests that he is alleging any separate violation of § 1983.  Rather, he is repeating the claim he made under § 552a that defendants deprived him of his right to have his presentence report amended.  He cannot proceed on this claim.  Not only are defendants immune from suit or, in the case of the Bureau of Prisons, owe no duty to plaintiff, he has not alleged that he has any constitutional right to amendment or correction of his presentence report so as to give him a ground for proceeding under § 1983.  Accordingly, I find that he has failed to state a claim under § 1983 on which relief may be granted.

ORDER

IT IS ORDERED that plaintiff DeWayne Crompton's motion for my recusal, dkt. #25, is DENIED and his proposed complaint for injunctive relief and monetary damages against defendants Kent Hanson, Leslyn Spinelli, John B. Van Hollen and the Bureau of Prisons is DISMISSED because it does not state a claim upon which relief may be granted.

The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 26th day of November, 2012.

           BY THE COURT:
           /s/
           BARBARA B. CRABB
           District Judge

.